**\*\*NOT FOR PUBLICATION\*\***

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROYCE DEDEAUX, | Civil Action No. 16-3759 (CCC) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA | |
| Respondent. | |

**CECCHI, District Judge.**

Royce Dedeaux ("Petitioner") moves to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255 ("Motion"). ECF No. 1. Respondent United States of America ("Respondent") opposes the motion. ECF No. 6. For the reasons explained below, this Court will deny the Motion and deny Petitioner a certificate of appealability.

**I.      BACKGROUND**

Only the facts and procedural history relevant to this Opinion are recounted. On January 9, 2014, Petitioner pled guilty to two counts of carjacking, in violation of 18 U.S.C. § 2119, and one count of discharging a firearm during and in relation to a crime of violence, specifically carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *See United States v. DeDeaux*, No. 13-0136, ECF Nos. 31–32. On May 28, 2014, Petitioner was sentenced to a term of 70 months' imprisonment and a consecutive term of 120 month's imprisonment. Id. at ECF No. 35.

On or about June 24, 2016, Petitioner filed a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255, seeking to challenge his conviction under § 924(c) following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 1.

Following an Order to Answer, Respondent submitted a brief in opposition arguing that carjacking constitutes a crime of violence under § 924(c)(3). ECF No. 6.

## II.     ANALYSIS

Petitioner argues that, in light of *Johnson* and its progeny, carjacking is no longer a crime of violence sufficient to support a § 924(c) conviction under the elements clause of the statute. This Court disagrees.

Section 924(c) prescribes certain enhanced punishments for any person who uses, carries, possesses, brandishes, or discharges a firearm in relation to either a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c).  The statute defines a "crime of violence" to mean "an offense that is a felony" and either (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or (B) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3).  The first clause is commonly referred to as the "elements clause" and the latter as the "residual clause." *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018) (referring to the similarly worded clauses of 18 U.S.C. § 16(b) as the "elements clause" and the "residual clause").  In *Johnson* and *Dimaya*, the Supreme Court found the nearly identical residual clauses of two similar statutes unconstitutionally vague. *See Dimaya*, 138 S. Ct. at 1223 (finding residual clause of 18 U.S.C. § 16(b) unconstitutionally vague); *Johnson*, 135 S. Ct. at 2563 (finding residual clause of Armed Career Criminal Act unconstitutionally vague).  In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Court reached a similar conclusion in reference to § 924(c) and invalidated its residual clause as well.

Notwithstanding the invalidation of the residual clauses of § 924(c) and its sister statutes, Petitioner's reliance on these cases is misplaced as neither *Johnson, Dimaya*, nor *Davis* invalidated

the remaining "elements clause" in those statutes. Thus, Petitioner's § 924(c) conviction would remain valid so long as his underlying crime of carjacking is a "crime of violence" under the "elements clause" of the statute.

While the Third Circuit has not directly addressed, in a published opinion, whether carjacking under § 2119 constitutes a crime of violence under the elements clause of § 924(c), other Courts of Appeals which have addressed this issue after *Johnson* have concluded that it does. *See, e.g.*, *United States v. Gutierrez*, 876 F.3d 1254, 1255–57 (9th Cir. 2017); *United States v. Jones*, 854 F.3d 737, 740–41 (5th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 245–48 (4th Cir. 2017). In finding that carjacking constitutes a crime of violence under the elements clause, these Courts of Appeals have "relied on their prior decisions construing the federal bank robbery statute, which, like the carjacking statute, proscribes robbery 'by force and violence, or by intimidation.'" *Gutierrez*, 876 F.3d at 1256 (citing 18 U.S.C. § 2113(a)).

In *United States v. Robinson*, 844 F.3d 137, 140–44 (3d Cir. 2016), the Third Circuit held that Hobbs Act robbery under 18 U.S.C. § 1951(a) is categorically a crime of violence under the "elements clause" of § 924(c)(3), when accompanied by a conviction for brandishing a weapon under § 924(c)(1)(A). Additionally, in its recent decision in *United States v. Walker*, 2021 WL 833994 (3d Cir. Mar. 5, 2021), the Third Circuit determined that Hobbs Act robbery is *always* a crime of violence sufficient to support a conviction under § 924(c) as, like the federal bank robbery statute, it requires the taking of property by force, violence, fear of injury, or intimidation, an element which could only be accomplished through actual, attempted, or threatened use of physical force. *Id.* at *6-7. The Third Circuit has on multiple occasions likewise found, based on the shared element of taking property by force, violence, or intimidation, that the federal bank robbery statute (18 U.S.C. § 2113(a)) is a crime of violence under the elements clause of § 924(c). *See, e.g., United*

*States v. Johnson*, 899 F.3d 191, 204 (3d Cir. 2018) (finding bank robbery under 18 U.S.C. § 2113(d) to be a crime of violence under elements clause of § 924(c)(3)); *United States v. Wilson*, 880 F.3d 80, 83 (3d Cir. 2018) (finding bank robbery by intimidation under 18 U.S.C. § 2113(a) to be a crime of violence under the elements clause of the nearly identical United States Sentencing Guidelines, § 4B1.2(a)).

In both unpublished opinions and orders, several panels of the Third Circuit have concluded that, either in connection with the brandishing of a weapon as seen in *Robinson*, or standing alone, jurists of reason would not debate that carjacking is a crime of violence for purposes of the elements clause of § 924(c) because, like bank robbery and Hobbs Act robbery, it requires the taking of property – in this case a vehicle – by force, violence, or intimidation. *See, e.g., United States v. Foster*, 734 F. App'x 129, 132 n.5 (3d Cir. 2018) (carjacking is a crime of violence under *Robinson* when accompanied by brandishing conviction); *United States v. Lowe*, 2020 WL 4582606 (3d Cir. July 9, 2020) (denying certificate of appealability as "jurists of reason would not debate the District Court's conclusion that carjacking in violation of 18 U.S.C. § 2119 categorically constitutes a crime of violence" under § 924(c)'s elements clause). In light of the Third Circuit's holdings that both federal bank robbery and Hobbs Act robbery are crimes of violence given their element of requiring the taking of property by force, violence, fear of injury, or intimidation, and in light of the fact that carjacking shares an essentially identical element, it is thus clear that carjacking under § 2119 is a crime of violence under the elements clause of § 924(c). Accordingly, Petitioner's motion to vacate his sentence is denied.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner in a § 2255 proceeding may not appeal from the final order in that proceeding unless he makes "a substantial showing of the denial of a

constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).  Because jurists of reason would not disagree with this Court's conclusion that Petitioner's claim is without merit, no certificate of appealability shall issue.

IV.     **CONCLUSION**

For the reasons stated above, Petitioner's motion to vacate his sentence (ECF No. 1) is **DENIED**, and Petitioner is **DENIED** a certificate of appealability.  An appropriate order follows.

**DATED**: March 15, 2021

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**